**In re SMITH.**

Court of Claims of Ohio,
Victims of Crime Division.
No. V93–28610.

Decided April 30, 1996.

*Jack Woodrow Carney–DeBord,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on November 16, 1995 upon the applicant Angela Smith's March 13, 1995 objection and notice of appeal to the February 27, 1995 decision of the single commissioner.

The Attorney General, applicant, and applicant's counsel attended the hearing and presented oral argument for this panel's consideration.

The single commissioner had granted applicant an award of reparations, in the amount of $2,318.80, representing dependent's replacement services loss incurred on behalf of Tela S. Griffin, applicant's granddaughter, for January 25, 1993 to July 1, 1993. The single commissioner ordered payment of this judgment held pending the filing of letters of guardianship of the minor child's estate.

Applicant's counsel argued that applicant has already performed the services for which the dependent's replacement services loss was awarded, and, hence, the judgment is not speculative. Counsel further argued that applicant no longer has custody of the minor child, who is now in the custody of her father, and, therefore, there is no practical way for applicant now to obtain letters of guardianship for the minor child's estate. Counsel argued that applicant provided the services and it was not the intent of the legislature to deny payment to applicant.

The Attorney General argued that although Franklin County Children Services confirmed that applicant had custody of the minor child during the time in question, applicant does not have letters of guardianship for the minor child's estate, which are necessary for a judgment exceeding $1,000.

Decedent, Cynthia K. Smith, applicant's daughter, was murdered on January 24, 1993, and was survived by a minor child, Tela S. Griffin. Applicant, Tela's grandmother, had custody of the minor child from January 25, 1993 to July 1, 1993, and dependent's replacement services loss was incurred in the amount of $2,318.80 for this time period. The minor child's natural father assumed custody on July 1, 1993 and has had custody of the child since that time. The single commissioner and the Attorney General contend that the $2,318.80 judgment may not be paid directly to applicant, who has not submitted letters of guardianship for the minor child's estate. However, the majority of this panel finds that it is not necessary for applicant to obtain letters of guardianship, and applicant may be paid the $2,318.80 judgment directly.

R.C. 2743.66(G) states:

"If a person entitled to an award of reparations is under the age of eighteen and if the amount of the award exceeds one thousand dollars, the order providing for the payment of the award shall specify that the award be paid either to the guardian of the estate of the minor appointed pursuant to Chapter 2111. of the Revised Code or to the person or depository designated by the probate court under section 2111.05 of the Revised Code. If a person entitled to an award of reparations is under the age of eighteen and if the amount of the award is one thousand dollars or less, the order providing for the payment of the award may specify that the award be paid to an adult member of the family of the person who is legally responsible for his care or to any other person designated by the commissioner or panel of commissioners issuing the order."

However, the majority of this panel does not find that it was the intent of the legislature to deny payment of the judgment to applicant.

The court in *In re Ndiritu* (Oct. 30, 1984), Ct. of Cl. No. V82–32157jud, unreported, considered the issue of whether applicants who had already provided

services for a minor child may be paid directly an award of reparations for dependent's replacement services loss rather than the judgment being paid to the guardians of the estate of the child. The facts in *Ndiritu* are similar to the facts in the present claim. In *Ndiritu*, Carol Ndiritu was murdered and left three minor children behind. Applicant Carol Shelton, a cousin of the decedent, along with her husband, applicant Robert Shelton, had custody of the three minor children from August 28, 1981 to June 26, 1982, prior to the children's father assuming custody on June 27, 1982. The Sheltons incurred dependent's replacement services loss on behalf of the children in the amount of $5,701.42; however, the single commissioner and panel held that the judgment could not be paid directly to the Sheltons but, rather, must be paid to the guardians of the children's estate.

Judge Tyack in *Ndiritu* stated:

"In general, the commissioners' policy of making awards of reparations, whether for dependent's economic loss or dependent's replacement services loss, for losses incurred by minor children payable to the guardians of the estates of those children, is a sound policy which should be followed in most claims. However, the policy should not be so restrictive as to preclude direct payment to surrogate parents under the proper circumstances. The court finds that the claim of the Sheltons is an instance where a departure from the general policy is in the best interests of all concerned. Counsel for applicants Shelton argued that the Sheltons have already performed the services, their services are no longer required, and requiring them to initiate separate proceedings in the probate court for the compensation justly due them is an unnecessary and inappropriate burden. Applicant Ndiritu is the father of the minor children, filed the claims on their behalf, and now has custody of them.

"The Sheltons provided the service as family members who were meeting a recognized need which otherwise would have gone unfulfilled. Therefore, the court finds it appropriate to pay a portion of the dependent's replacement services loss award directly to the Sheltons. For the same reasons, the court finds it is appropriate to pay a portion of dependent's replacement services loss directly to the Dillinghams for the services provided to the children by them. This decision might well be different were the children in need of continuing services of this nature. As previously stated, this court is generally in agreement with the principles as stated in *In re Amos*, above, to the effect that where there is an expectation of continuing future dependent's replacement services loss, it is usually in the best interests of the minor children to make their awards payable to the guardians of their estates. However, in this particular claim, there is no ongoing dependent's replacement services loss and the children will not be prejudiced by paying their dependent's replacement services loss directly to the Sheltons who provided the services."

The applicant in the present claim, like the Shelton applicants in the *Ndiritu* claim, was a relative of the decedent and assumed custody of the decedent's minor child for a specified period of time after the decedent's death. The applicant in the present claim also performed services for the minor child and incurred dependent's replacement services loss. Further, the present applicant also no longer has custody of the minor child, as the child's natural father assumed custody subsequent to applicant's period of custody. The applicant in the present claim did not obtain letters of guardianship for the minor child's estate; however, applicant no longer has custody of the minor child and the majority of this panel does not feel that applicant should now be required to obtain documentation from the probate court, which may not even be possible at this time.

From review of the file, with full consideration given to the oral argument presented at the hearing, the majority of this panel finds that the $2,318.80 judgment, representing dependent's replacement services loss incurred on behalf of Tela S. Griffin, may be paid directly to applicant pursuant to the holding in *In re Ndiritu, supra.* Hence, the February 27, 1995 order of the single commissioner is affirmed as to the judgment of $2,318.80 for dependent's replacement services loss but vacated as to the requirement that applicant obtain letters of guardianship for the minor child's estate.

IT IS THEREFORE ORDERED THAT:

1. The February 27, 1995 order of the single commissioner is AFFIRMED as to the judgment of $2,318.80 for dependent's replacement services loss;

2. Paragraphs (2) and (3) of the February 27, 1995 order of the single commissioner requiring applicant to obtain letters of guardianship for the minor child's estate are hereby VACATED;

3. The Clerk shall certify the February 27, 1995 judgment, in the amount of $2,318.80, to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4. When certifying this judgment, the Clerk shall send a copy of this order and the February 27, 1995 order of the single commissioner to the Director of the Office of Budget and Management;

5. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require that any benefits or advantages received from any collateral source, including the offender, be repaid to the state of Ohio;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

JAMES H. HEWITT III and KARL H. SCHNEIDER, Commissioners, concur.

PHILLIP E. PARISI, Commissioner, dissenting.

This commissioner agrees that applicant incurred dependent's replacement services loss, in the amount of $2,318.80, on behalf of decedent's minor child of whom applicant had custody from January 25, 1993 to July 1, 1993. However, this commissioner finds, contrary to the holding of the majority of this panel, that applicant may not be paid this judgment directly but, rather, must submit letters of guardianship of the minor child's estate, and that the judgment should be paid to said guardian. R.C. 2743.66(G) states that an award of reparations exceeding $1,000 shall be paid to the guardian of the minor child's estate and this commissioner feels that R.C. 2743.66(G) must be directly applied to the present claim. Hence, I would affirm the February 27, 1995 order of the single commissioner.